IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>RANDY J. REED, )<br>)<br>**Defendant.** ) | Case No. 04-03024-01-CR-SW-RED |

## ORDER

NOW before the Court is the Motion to Suppress (Doc. 60) and the Government's Response to Defendant's Motion to Suppress Evidence Pursuant to *Franks v. Delaware* (Doc. 63). United States Magistrate Judge James C. England entered his Report and Recommendations (Doc. 73) recommending that the Motion to Suppress be denied. Defendant filed his Objections to the Report and Recommendation of the United States Magistrate (Doc. 74).

As the Report and Recommendation accurately states the facts of this case, the facts will not be restated here except to the extent necessary to address the issues herein. Defendant argues one point in the Motion to Suppress, specifically, that the affidavit of Deputy Shepherd made in support of the application for search warrant contained misstatements of fact that misled the Court. Under *Delaware v. Franks*, 438 U.S. 154 (1978), a Defendant may challenge the veracity of statements made in an affidavit supporting a search warrant. The Defendant's burden is to make a substantial preliminary showing (1) that the affiant made a deliberate falsehood or showed a reckless disregard for the truth, (2) and that the false statement was essential to the magistrate's finding of probable cause. If the Defendant prevails on his preliminary showing and in a subsequent hearing is able to prove by a preponderance of the evidence that the statements were made deliberately or with

reckless disregard of the truth, the Court then looks to the remaining facts to determine if they support a finding of probable cause. If the remaining facts do not so support, the warrant fails and the evidence seized pursuant to the warrant must be suppressed.

Defendant identifies several instances in Deputy Shepherd's affidavit that show falsity. One, the physical address of the property was listed on the affidavit as 2380 Stony Point Drive, however, the address is truly 2200 Stoney Point Drive. Deputy Shepherd swore in his affidavit that he verified the address through 911 records. In testimony, Deputy Shepherd stated that he actually confirmed the address with the county assessor's office instead of 911, and that the discrepancy with his affidavit could be attributed to the use of a form. The affidavit also indicated that Defendant was the record owner of the premises and that the address was confirmed by the County Recorder's Office. However, Defendant was never an owner of the residence.

Deputy Shepherd's call to the county recorder's office to obtain the address was verified by Depty Stigall, who was with Deputy Shepherd at the time of the call. However, there is no indication that the incorrect number of the address was intentional. The affidavit also included a detailed description of the residence to be searched, and there is no indication that this description was inaccurate or that there was any confusion as to the property to be searched. Clearly, as the magistrate found, there was no effect on the execution of the search warrant in this case.

The next issue is regarding a video tape which Deputy Shepherd, in his affidavit, said depicted a large bag of a white-powdery substance, likely methamphetamine based on his training and experience. The Magistrate ruled that the statement regarding the videotape should be disregarded in determining if probable cause existed to support the warrant. Defendant does not object to this finding, and the Court agrees with the Magistrate's assessment. Disregarding these

statements, the warrant still appears to be supported by probable cause.

Lastly, there was information in the affidavit from confidential informants. This information included indication that defendant was cooking methamphetamine at the Stony Point residence, that Defendant was getting pills from Oklahoma to manufacture methamphetamine and was supplying methamphetamine to someone in Mountain Grove, that methamphetamine had been seen at the residence, that an old dairy barn at the residence had been converted to a bunkhouse and eight people were living there, that defendant was staying at the residence, that an informant had seen Defendant participate in illegal drug activities, that Defendant used around six gallons of Anhydrous Ammonia a week, that there were firearms in the residence, and that Defendant had been selling methamphetamine for a long period of time, without getting caught.

Four different confidential informants supplied this information. In a prior proceeding in this case, Defendant requested disclosure of the identity of informants and/or cooperating individuals. The court held an in camera hearing where Don Higgerson, resident Agent in Charge of the Bureau of Alcohol, Tobacco, Firearms & Explosives in Springfield, Missouri, testified that the statements in the affidavit from confidential informants had been reviewed with the informants and verified as accurate. A neutral third party established the reliability of the information. This information was consistent, based in part on first-hand knowledge, and was detailed. Later, some of the information was found to be inaccurate, but this was not known to Deputy Shepherd at the time of his affidavit.

Defendant also argues that Deputy Shepherd misstated Defendant's criminal history. Instead of six prior felony convictions, Deputy Shepherd stated that Defendant had seven. There is no indication that this miscounting was intentional, indeed, the criminal history record lists the same conviction twice, making it appear as though Defendant had seven convictions.

3

## Conclusion

Upon a *de novo* review, *see* 28 U.S.C. § 636(b) the Court OVERRULES Defendant's objections and ADOPTS the Magistrate's Report and Recommendations in full. Accordingly, and for the reasons articulated herein and by the Magistrate in the Report and Recommendations (Doc. 73) it is hereby

**ORDERED** that Defendant's Motion to Suppress (Doc. 60) is **DENIED.**

**IT IS SO ORDERED.**

DATE: March 27, 2006        */s/ Richard E. Dorr*
                            RICHARD E. DORR, JUDGE
                            UNITED STATES DISTRICT COURT

4